IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03-CR-30028-01-MJR |
| | ) |
| ALFONSO GARCIA-GARCIA, | ) |
| a/k/a Alejandro Garcia-Rodriguez, | ) |
| | ) |
| Defendant. | ) |

## ORDER

REAGAN, District Judge:

In August 2003, the undersigned Judge sentenced Alfonso Garcia-Garcia (one of four Defendants charged with narcotics offenses in the above-captioned case) to 37 months in prison followed by four years of supervised release, plus a fine and special assessment.

In February 2005, the United States petitioned this Court to remit the unpaid portion of Garcia-Garcia's special assessment and fine, because he had been deported and further attempts at collection were not likely to be fruitful. The Court granted that motion.  While incarcerated at USP-Lompoc in the summer of 2008, via pro se motion filed under the name Alejandro Garcia-Rodriguez, Defendant moved to remit his fine.  The Court denied that motion as moot, having already remitted the fine three years earlier.

The case has been closed for years, but one motion has remained pending since January 2007.

On January 12, 2007, the Government petitioned the Court to revoke Defendant's supervised release due to alleged violations of the terms of that release – including illegally re-entering the United States in October 2006 and failing to report to a Probation Officer within 72 hours of his re-entry (see Doc. 112). The undersigned Judge issued an arrest warrant (see Docs. 113-114), but disposition of the petition has been placed on hold while Defendant is incarcerated at USP-Lompoc. The Government filed a status report on this issue in May 2009 (see Doc. 122).

On February 12, 2010, Defendant filed a pro se motion asking this Court to enter "an Order of Dismissal with prejudice … pursuant to Illinois Penal Code § 1381.5." based on the Government's failure to comply with Defendant's demand for a speedy trial (Doc. 123). The Clerk's Office docketed the pro se motion on February 17, 2010.

The Court now DENIES the motion (Doc. 123) for several reasons.

First, the motion cites Illinois law which does not apply in this federal court. Defendant apparently is confused as to the status of this matter and the judicial system in which it was resolved. His motion is captioned "Superior Court of Illinois, County of East St. Louis," refers to the prosecutor as "the District Attorney," and cites various state law provisions that have no bearing here.

Second, there is no criminal case or substantive criminal charge left

to "dismiss," as Defendant already pled guilty to and was sentenced on those charges nearly seven years ago.

Third, to the extent Defendant attempts to raise a speedy trial challenge via the February 2010 motion, the Court rejects it. The Speedy Trial Act governed the period of time between when Defendant first appeared on the underlying substantive charges and when he was brought to trial (or, in this instance, chose to enter a guilty plea). We are years past conviction, years past sentencing, years past judgment-imposition now. And the Speedy Trial Act does not apply to revocation petitions, which is all that remains for resolution here.

Finally, to the extent Defendant endeavors to challenge the detainer lodged against him, he fares no better. The Interstate Agreement on Detainers Act applies only to substantive criminal charges, not to violations of probation or supervised release. **See Carchman v. Nash, 473 U.S. 716, 717 (1985).**

For all these reasons, Defendant's motion (Doc. 123) is DENIED.

IT IS SO ORDERED.

February 19, 2010.

                                        s/ Michael J. Reagan
                                        Michael J. Reagan
                                        United States District Judge